WAGNER CHOI & VERBRUGGE
Attorneys at Law

JAMES A. WAGNER
ALLISON A. ITO
745 Fort Street, Suite 1900
Honolulu, Hawaii 96813
Telephone: (808) 533-1877
Fax: (808) 566-6900
Email: jwagner@hibklaw.com
Email: aito@hibklaw.com

Attorneys for Debtor
and Debtor-in-Possession

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>HAWAII PACIFIC TELEPORT, LP,<br><br>    Debtor and<br>    Debtor-in-possession | Case No. 11-01764<br>(Chapter 11)<br><br><u>Confirmation Hearing</u><br><br>Date:  May 14, 2012<br>Time:  9:30 a.m.<br>Judge:  Hon. Robert J. Faris |

<u>FINDINGS OF FACT AND CONCLUSIONS OF LAW
IN SUPPORT OF ORDER CONFIRMING DEBTOR'S FIRST
AMENDED PLAN OF REORGANIZATION DATED AS OF MARCH 22, 2012</u>

The hearing on confirming ("Confirmation Hearing") of the

Debtor's First Amended Plan of Reorganization Dated as of March 22, 2012

("Plan"), was held on May 14, 2012, at 9:30 a.m., before the Honorable Robert J.

Faris, United States Bankruptcy Judge for the District of Hawaii. Appearances

were as noted in the record. Having considered all of the pleadings filed in support and in opposition to confirmation, and based on the record in this case, the arguments and representations of counsel and the Declarations of Leeana Smith-Ryland and Mark J. Bennett, filed in support of Confirmation of the Plan, and good cause appearing, the court now makes the following Findings of Fact and Conclusions of Law:

## FINDINGS OF FACT

1. Hawaii Pacific Teleport, LP ("HPT" or "Debtor") is the debtor and debtor-in-possession in Chapter 11 Case No. 11-01764, which was commenced by the filing of a voluntary petition on June 23, 2011.

2. No Committee of Unsecured Creditors was appointed in this case.

### Approval of the Disclosure Statement, Solicitation: Confirmation Hearing

3. On April 3, 2012, the Bankruptcy Court entered that certain Order Approving Motion for Order Approving First Amended Disclosure Statement for First Amended Plan of Reorganization Dated as of March 22, 2012, Balloting Procedures and Scheduling Deadlines ("Solicitation Order") that, among other things, (a) approved the Disclosure Statement pursuant to Bankruptcy Code § 1125 and Federal Rule of Bankruptcy Procedure ("Rule") 3017, (b) established May 14, 2012, as the date for the Confirmation Hearing, (c) approved the form and

2

method of notice of the confirmation hearing ("Confirmation Hearing Notice), (d) established procedures for soliciting and tabulating votes with respect to the Plan, and (e) established procedures governing the Confirmation Hearing.

4. In accordance with the Solicitation Order, the following items were transmitted: (a) the Disclosure Statement, (b) the Confirmation Hearing Notice (as defined in the Solicitation Order), and (c) with respect to those creditors in classes entitled to vote under the Plan and the Solicitation Order, a Ballot (as fined in the Solicitation Order). All of said documents were transmitted to the appropriate parties on or before April 5, 2012. Such service is adequate and proper as provided by Bankruptcy Rule 3017(d), and no other or further notice is or shall be required.

5. On May 8, 2012, HPT filed the Declaration of Allison A. Ito relating to Voting Tabulation, attesting and certifying the method and results of the ballot tabulation for the Classes of Claims entitled to vote to accept or reject the Plan ("Ballot Tabulation"). Votes to accept and reject the Plan have been solicited and tabulated fairly, in good faith, and in a manner consistent with the Bankruptcy Code, the Bankruptcy Rules, and the Solicitation Order.

6. HPT filed memoranda and declarations in support of Confirmation and supporting documents as reflected in this Court's docket. Allen Communications filed its Memorandum Objecting to First Amended Chapter 11

3

Plan of Reorganization for Hawaii Pacific Teleport, L.P., Dated as of March 22, 2012, on April 23, 2012.

7. This Bankruptcy Court takes judicial notice of the docket of the Case maintained by the Clerk of the Bankruptcy Court, including, without limitation, all pleadings and other documents filed, all orders entered, and evidence and argument made, proffered, or adduced at the hearings held before the Bankruptcy Court during the pendency of the Cases.

8. The Debtor has the burden of proving the elements of section 1129 of the Bankruptcy Code by a preponderance of evidence, and has done so as set forth herein.

9. The objections filed by Allen Communications ("Allen") on April 23, 2012, are overruled in all respects. Allen has failed to show any legal basis for its assertion that Allen, not the Debtor, holds legal title to the assets described during the course of these proceedings as the Other Collateral.

**Bankruptcy Code Requirements For Confirmation and Classification**

10. In addition to Administrative Claims and Priority Tax Claims, which need not be classified, the Plan designates three (3) Classes of Claims and one Class of Interests. The Claims and Interests placed in each Class are substantially similar to other Claims and Interests, as the case may be, in each such Class. Valid business, factual, and legal reasons exist for separately classifying the

4

various classes of claims and Interests created under the Plan.

11. The Plan specifies that Classes 1 and 2 are not impaired under the Plan, thereby satisfying section 1123(a)(2) of the Bankruptcy Code. Said Classes are deemed to have accepted the Plan because they are not impaired under the Plan.

12. The Plan designates that Classes 3, 4, and 5 are impaired and specifies the treatment of Claims and Interests in those Classes, thereby satisfying section 1123(a)(3) of the Bankruptcy Code.

13. The interest of the existing equity holders of HPT (Class 6) will be extinguished under the Plan and Class 6 is deemed to have rejected the Plan.

14. Votes to accept and reject the Plan have been solicited from creditors holding Claims in Classes 3, 4, and 5. Such votes were solicited and tabulated fairly, in good faith, and in a manner consistent with the Bankruptcy Code, the Bankruptcy Rules, the Solicitation Order, and industry practices.

15. As set forth in the Ballot Tabulation, Classes 4 and 5 voted to accept the Plan. Class 3 voted to reject the Plan.

### Treatment of Secured Claims

16. The holders of Allowed Secured Claims (Classes 3 and 4) will receive at least as much as they would receive in a case under chapter 7 with respect to those Secured Claims. The treatment of Classes 3 and 4 is fair and equitable and

U.S. Bankruptcy Court - Hawaii   #11-01764   Dkt # 247   Filed 05/21/12   Page 5 of 18

does not unfairly discriminate against said Classes. In each case, the holders of claims in Classes 3 and 4 retain their respective liens under the Plan and will receive deferred cash payments totaling at least the allowed amount of their respective claims as of the Effective Date of the Plan.

## Unsecured Claims

17. The holders of Allowed General Unsecured Claims will receive substantially more than they would receive in a case under chapter 7, because if the assets of HPT were liquidated outright, HPT's Estate would not receive sufficient funds to pay the senior Classes of Claims and Administrative Claims in full, resulting in no distribution to Class 5. Class 5 will receive 5% of their allowed claims under the Plan. As a result, holders of Allowed Class 5 Claims will receive more under the Plan than they would receive if HPT's case were converted to a case under chapter 7.

18. Claims in Class 6 will not receive any consideration under the Plan. They would, however, also not receive any consideration if HPT's case were converted to a case under chapter 7.

19. The Plan provides for the same treatment for each Claim or Interest in each respective Class, unless the holder of a particular Claim or Interest has agreed to a less favorable treatment of such Claim or Interest, thereby satisfying section 1123(a)(4) of the Bankruptcy Code.

6

## Means of Implementation

20.     The Plan provides adequate and proper means for the Plan's implementation.

21.     The contribution of up to Three Hundred and Fifty Thousand Dollars ($350,000) in new capital by the conversion of the DIP Loan to equity on the Effective Date of the Plan will provide HPT with sufficient resources to pay all costs of emergence and to provide sufficient working capital in the future.

22.     The Debtor has demonstrated adequate assurance of future performance with respect to the assumed agreements and leases.  No party to an executory contract has objected to the Plan or the assumption or assignment of any executory contract.

23.     HPT exercised sound and considered business judgment in the formulation of the Plan.  HPT has demonstrated sound business purpose and justification for the Plan, pursuant to Bankruptcy Code § 363(b).

24.     All fees payable under section 1930 of title 28, United States Code, as determined by the Bankruptcy Code, have been paid or will be paid pursuant to the Plan, thus satisfying the requirements of section 1129(a)(12) of the Bankruptcy Code.

## CONCLUSIONS OF LAW

### Jurisdiction and Venue

25. This proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

26. This Bankruptcy Court has jurisdiction over the Case pursuant to sections 157 and 1334 of title 28 of the United States Code. Venue is proper pursuant to sections 1408 and 1409 of title 28 of the United States Code. Confirmation of the Plan is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(L), and this Bankruptcy Court has exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed and exclusive jurisdiction over all of the Debtor's assets.

### Confirmation Requirements

### Section 1129(a)(1)

27. The Plan complies with the applicable provisions of the Bankruptcy Code, thereby satisfying section 1129(a) of the Bankruptcy Code.

(a) The Plan properly places substantially similar claims in each class and designated such classes of claims, thereby satisfying sections 1122 and 1123(a)(1) of the Bankruptcy Code;

(b) The Plan specifies the treatment of each Class that is not impaired, thereby satisfying section 1123(a)(2);

8

U.S. Bankruptcy Court - Hawaii    #11-01764    Dkt # 247    Filed 05/21/12    Page 8 of 18

(c) The Plan specifies the treatment of each Class that is impaired, thereby satisfying section 1123(a)(3);

(d) The Plan provides for the same treatment for each claim or interest in a particular Class, unless the holder thereof agrees to a less favorable treatment, thereby satisfying section 1123(a)(4);

(e) The Plan provides for the adoption and implementation of all corporate actions necessary to implement the Plan and the execution of all documents and the implementation of all actions as required with respect to, and in accordance with the Plan provisions, thereby satisfying section 1123(a)(5);

(f) Sections 1123(a)(6) and 1123(a)(8) do not apply to the Debtor;

(g) The Plan Proponents have disclosed the identity of the manager of HPT that are, under the circumstances presented, consistent with the interests of creditors, equity holders, and public policy in accordance with section 1123(a)(7);

(h) The Plan's provisions are appropriate and not inconsistent with the applicable provisions of the Bankruptcy Code; and

(i) The Plan is dated and identifies the entities submitting it as proponents, thereby satisfying Bankruptcy Rule 3016(a).

U.S. Bankruptcy Court - Hawaii   #11-01764   Dkt # 247   Filed 05/21/12   Page 9 of 18

## Section 1129(a)(2)

28. HPT has complied with the applicable provisions of the Bankruptcy Code, thereby satisfying section 1129(a)(2) of the Bankruptcy Code.

    (a) The Debtor is a proper debtor under section 109 of the Bankruptcy Code;

    (b) The Debtor has complied with applicable provisions of the Bankruptcy Code, except as otherwise provided or permitted by orders of the Bankruptcy Court; and

    (c) The Debtor has complied with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Solicitation Order in transmitting the Plan, the Disclosure Statement, the Ballots, and related documents and notices and in soliciting and tabulating votes on the Plan.

## Section 1129(a)(3)

29. The Debtor has proposed the Plan in good faith and not by any means forbidden by law, thereby satisfying section 1129(a)(3) of the Bankruptcy Code. The good faith of the Debtor is evident from the facts and records of these cases, the Disclosure Statement and the hearings thereon, and the record of the Confirmation Hearing and other proceedings held in these cases. The Plan was proposed with the legitimate and honest purpose of maximizing the value of the Debtor's Estate and to effectuate a successful reorganization of the Debtor.

U.S. Bankruptcy Court - Hawaii #11-01764 Dkt # 247 Filed 05/21/12 Page 10 of 18

30.     The injunctive provisions of the Plan and the Confirmation Order implement the Debtor's discharge.  Moreover, the Plan provides a mechanism for parties in these cases to seek relief from the injunctions.

### Section 1129(a)(4)

31.     Any payment made or to be made by the Debtor for services or for costs and expenses in or in connection with the Debtor's chapter 11 cases, or in connection with the Plan and incident to the Debtor's chapter 11 case, has been approved by, or is subject to the approval of, the Bankruptcy Court as reasonable, thereby satisfying section 1129(a)(4).

### Section 1129(a)(5)

32.     The Debtor has complied with section 1129(a)(5) of the Bankruptcy Code.  The identities of the individuals to serve manager of the Debtor and as officers of the Debtor as of the Effective Date were fully disclosed.  The appointment to, or continuance in, such offices of such persons is consistent with the interests of holders of Claims against and Equity Interests in the Debtor and with public policy.  The identity of any insider that will be employed or retained by the Debtor after the Effective Date and the nature of such insider's compensation have also been fully disclosed.

### Section 1129(a)(6)

33. Section 1129(a)(6) of the Bankruptcy code is not applicable to the Debtor.

### Section 1129(a)(7)

34. The Plan satisfies section 1129(a)(7) of the Bankruptcy Code. The liquidation analyses provided in the Disclosure Statement (a) are persuasive and credible, (b) have not been controverted by other evidence, and (c) establish that each holder of a Claim or Interest in an impaired Class either has accepted the Plan or will receive or retain under the Plan, on account of such Claim or Interest, property of a value, as of the Effective Date, that is not less than the amount that holder would receive or retain if each Debtor was liquidated under chapter 7 of the Bankruptcy Code on such date.

### Section 1129(a)(8)

35. Classes 1 and 2 are conclusively presumed to have accepted the Plan under section 1126(f) of the Bankruptcy Code. Classes 4 and 5 have voted to accept the Plan in accordance with sections 1126(e) and (d) of the Bankruptcy Code. Class 3 has voted to reject the Plan. The requirements of Section 1129(a)(8) have not been satisfied in that at least one class of impaired creditors has voted to reject the Plan, however, the cram down provisions of Section 1129(b) as set forth below have been met by the Plan.

## Section 1129(a)(9)

36. The treatment of Administrative Claims and Priority Tax Claims under the Plan satisfies the requirements of Bankruptcy Code section 1129(a)(9).

## Section 1129(a)(10)

37. At least one Class of Claims against HPT that is impaired under the Plan has accepted the Plan, determined without including any acceptance of the Plan by an insider, thus satisfying the requirements of section 1129(a)(10) of the Bankruptcy Code. Classes 4 and 5 satisfy this requirement.

## Section 1129(a)(11)

38. The evidence proffered, adduced, or presented prior to and at the Confirmation Hearing (a) is persuasive and credible, and (b) establishes that confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the Debtor, thus satisfying the requirements of section 1129(a)(11) of the Bankruptcy Code.

39. In order to satisfy Bankruptcy Code § 1129(a)(11), the Plan Proponents need not prove that there is an absolute certainty that the conditions to confirmation will be met. On the contrary, the Plan Proponents need only show that the Plan offers a reasonable assurance of success. The Plan has the requisite level of likelihood of success.

U.S. Bankruptcy Court - Hawaii    #11-01764    Dkt # 247    Filed 05/21/12    Page 13 of 18

## Section 1129(a)(12)

40. All fees payable under section 1930 of title 28, United States Code, as determined by the Bankruptcy Court, have been paid or will be paid pursuant to the Plan, the terms of which are satisfactory to the Debtor and the United States Trustee, thus satisfying the requirements of section 1129(a)(12) of the Bankruptcy Code.

## Section 1129(a)(13)

41. Bankruptcy Code § 1129(a)(13), which requires a plan to provide for the continuation of payment of all "retiree benefits" (as defined in Bankruptcy Code § 1114(a)), is inapplicable in the instant case as the Debtor does not have any such obligations.

## Section 1129(b)

42. Class 3, which objected to the Plan on other grounds and voted to reject the Plan, has not objected to the treatment of its claim in any respect. Based upon the evidence proffered, adduced, or presented by the Debtor and prior to and at the Confirmation Hearing, the Plan does not discriminate unfairly and is fair and equitable with respect to Class 3, as required by section 1129(b)(1) of the Bankruptcy Code. The treatment of secured creditors in Classes 3 satisfies all of the requirements of Section 1129(b)(2)(A)(i) with respect said Classes.

43. Pursuant to Bankruptcy Code section 1129(b)(2)(B)(ii), no holders of Claims or Interests that are junior to those of Holders of Allowed Class 3 will receive or retain any distribution on account of junior interests under the Plan. In addition, the Plan does not provide for payment of more than the full amount of their respective Allowed Claims to any senior Class.

44. Upon confirmation and the occurrence of the Effective Date, the Plan shall be binding upon the members of each Rejecting Class.

**Other Matters**

45, The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of Section 5 of the Securities Act of 1933. No governmental agency with standing to raise an objection pursuant to Bankruptcy Code § 1129(d) has, in fact, raised any such objection. This is strong evidence that the principal purpose of the Plan is not tax avoidance.

46. All modifications to the Plan filed or announced prior to the conclusion of the Confirmation Hearing constitute technical changes and/or changes that have either been consented to by affected constituents or which do not require additional disclosure under Bankruptcy Code §§ 1125 or 1127(a), or re-solicitation of votes under Bankruptcy Code § 1126, nor do they require that holders of Claims or Interests be afforded an opportunity to change previously cast acceptances or rejections of the Plan.

15

U.S. Bankruptcy Court - Hawaii   #11-01764   Dkt # 247   Filed 05/21/12   Page 15 of 18

47. Based on the record before the Bankruptcy Court in this Case, the Debtor and its managers, employees, members, agents, and representatives, and any professional persons employed or formerly employed by any of them, have acted in "good faith" within the meaning of Bankruptcy Code § 1125(e) in compliance with the applicable provisions of the Bankruptcy Code and Bankruptcy Rules in connection with all their respective activities relating to the solicitation of acceptances to the Plan and their participation in the activities described in section 1125 of the Bankruptcy Code, and are entitled to the protections afforded by section 1125(e) of the Bankruptcy Code.

48. Article VII of the Plan governing the assumption and rejection of executory contractors and unexpired leases satisfies the requirements of sections 365 and 1123(b)(2) of the Bankruptcy code, including the requirement that adequate assurance of future performance under the Assumed Executory Contracts will be provided.

49. The release and injunction provisions contained in the Plan are fair and equitable, are given for valuable consideration, were properly noticed to holders of Claims and Interests and other interested parties in accordance with the requirements of due process and the applicable provisions of the Bankruptcy Code and Bankruptcy Rules, and are in the best interests of the Debtor and its Chapter 11 Estate.

50. Each term and provision of the Plan is valid and enforceable pursuant to its terms.

51. The Plan satisfies the requirements for confirmation set forth in section 1129 of the Bankruptcy Code.

52. The Debtor has satisfied the requirements of Bankruptcy Code § 365(b)(1) in connection with the assumption of the Assumed Executory Contracts. Each of the Assumed Executory Contracts is an executory contract or an unexpired lease of the Debtor under Bankruptcy Code § 365. All conditions under Bankruptcy Code § 365 for the assumption by the Debtor of each Assumed Executory Contract to which it is a party have been satisfied.

53. The Bankruptcy Court may properly retain jurisdiction over the matters set forth in Section 10.1 of the Plan and Bankruptcy Code § 1142. It is appropriate for this Court to retain jurisdiction to: (a) enforce and implement the terms and provisions of the Plan; (b) enforce the Assumed Executory Contracts; and (c) resolve any disputes arising under or related to the Plan.

//

//

//

//

//

54. Based on the foregoing findings and conclusions, it is appropriate for the Court to enter the Confirmation Order.

APPROVED AS TO FORM:

/s/ Robert J. Faris
**United States Bankruptcy Judge**
Dated: May 18, 2012

/s/ Michael A. Lilly
_____
MICHAEL A. LILLY
Attorney for Secured Creditor
and Party in Interest
ALLEN HOLDINGS, INC., dba
ALLEN COMMUNICATIONS

*In re Hawaii Pacific Teleport, LP*; Case No. 11-01764; FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF ORDER CONFIRMING DEBTOR'S FIRST AMENDED PLAN OF REORGANIZATION DATED AS OF MARCH 22, 2012

18